UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                         Case No. 06-11733
                                                          HONORABLE AVERN COHN

One 2003 Hummer H2,
VIN: 5GRGN23U03H109783,

      Defendant.
_____/

## MEMORANDUM AND ORDER DENYING MOTION TO SET ASIDE DEFAULT[1]

### I. Introduction

This is an *in rem* civil forfeiture case in which Plaintiff United States of America (the Government) seeks forfeiture of Defendant 2003 Hummer H2, VIN 5GRGN23U03H109783 (Hummer) pursuant to 21 U.S.C. § 881(a)(6). The Government claims that the Hummer was furnished or intended to be furnished by a person in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange or traceable to the illegal sale of a controlled substance.

Claimant Alfreda Carroll (Carroll) asserts that she has a property interest in the Hummer. However, Carroll failed to answer the forfeiture complaint, and was accordingly defaulted. She now seeks to set aside the default under Fed. R. Civ. P.

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

55(C), or alternatively, asks for relief from the order pursuant to Fed. R. Civ. P. 60(B). For the reasons that follow, Carroll's motion will be denied.

## II. Background

On October 28, 2005, the Drug Enforcement Agency (DEA) executed multiple search and seizure warrants, and made several arrests, in an attempt to dismantle a drug trafficking organization known as the Black Mafia Family. Stanley Lackey, one of the individuals arrested, was in possession of the Hummer. Lackey said that he had agreed with his cousin Walter Carroll to trade his Chevrolet for the Hummer. The Hummer was seized incident to Lackey's arrest.

The DEA sent Carroll a notice of seizure because her name was on the Hummer's title. Carroll responded by filing a claim of interest to the Hummer with the DEA on January 10, 2006.

On April 10, 2006, the Government filed its Complaint for Forfeiture. The complaint and accompanying documents were served on potential claimants Stanley Lackey and Carroll, as well as Carroll's attorney. Pursuant to Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, notice was published in the Detroit Legal News, and in the Chapel Hill News, directing any interested party to file a verified claim within 30 days, and to file an answer within 20 days after the verified claim. See 18 U.S.C. § 983(a)(4)(A)-(B).

No verified claims were filed within the required time period. However, Carroll says that in mid May, 2006, her attorney contacted the US Attorney's Office to discuss her claim to the Hummer, and that at that time an unnamed individual informed her attorney that it was not necessary to file an answer to the forfeiture complaint.

When the time period for answering had expired, the Government filed a Request for Clerk's Entry of Default. The Clerk entered the default on August 8, 2006.

On August 24, 2006, the Government filed a Motion for Entry of Default Judgment. Carroll then filed its Motion to Set Aside Default Pursuant to Rule 55(C) or Alternatively for Relief from Order Pursuant to Rule 60(B) (Motion to Set Aside Default). This Motion to Set Aside Default is now before the Court.[2]

### III. Analysis

In her Motion, Carroll claims that upon contacting the US Attorney's Office, her attorney was told that it was unnecessary to file an answer to the forfeiture complaint, and therefore that the default should be set aside. In response, the Government says that Carroll lacks standing to challenge the forfeiture because she failed to file an answer within the required time frame.

An individual attempting to contest an asset forfeiture must have both Article III constitutional standing and statutory standing. United States v. $515,060.42, 152 F.3d 491, 497 (6th Cir. 1998). To establish Article III standing, the individual must have a "legally cognizable interest in the defendant property. A property interest less than ownership, such as a possessory interest, is sufficient." United States v. Currency $267,961.07, 916 F.2d 1104, 1107 (6th Cir. 1990). To establish statutory standing, the individual must comply with Supplemental Rule C(6) for Certain Admiralty and Maritime Claims:

---

[2]On October 17, 2006, this Court mistakenly entered a Final Order of Forfeiture. This mistake was corrected on October 23, 2006, when this Court vacated the October 17 order.

3

> [A] person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or (B) within the time that the court allows.

As a preliminary matter, it is undisputed that Carroll has Article III standing. Her name appears on the Hummer's title, and therefore she has a "legally cognizable interest" in it. Currency $267,961.07, 916 F.2d at 1107. However, Carroll does not have statutory standing, and therefore her motion must be denied.

A claim of interest to seized property that is filed with an administrative agency, such as the DEA, stops summary forfeiture proceedings. Summary proceedings are authorized for seizures valued at less that $500,000. 19 U.S.C. § 1607. Once the claim of interest is filed, the agency must forward the claim to the United States Attorney's Office in the appropriate district if it wishes to continue with the condemnation. The US Attorney then initiates a judicial forfeiture proceeding. 19 U.S.C. § 1608. The distinction between summary proceedings and judicial proceedings is important because filing a claim of interest with an agency does not fulfil the requirements of Rule C(6). See United States v. $5,730.00 in United States Currency, 109 Fed. Appx. 712, *2 (6th Cir. 2004); see also United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985).

The claim of interest that Carroll filed with the DEA does not satisfy Rule C(6) because it is not the "verified statement" required by that rule. Carroll does not have statutory standing and cannot move to set aside the default. Moreover, because she never filed a claim in this Court, she cannot pursue a claim to the Hummer. Even if it is true that Carroll's attorney was informed that it was unnecessary to file an answer, this

4

does not change the fact that she was required to file an answer to challenge the forfeiture. A claim filed with the DEA is simply insufficient. Accordingly, the motion is DENIED.

    SO ORDERED.

                                              s/Avern Cohn  
                                              AVERN COHN  
                                              UNITED STATES DISTRICT JUDGE

Dated: November 21, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 21, 2006, by electronic and/or ordinary mail.

                                              s/Julie Owens  
                                              Case Manager, (313) 234-5160